# United States District Court
## Middle District Of Florida
### Orlando Division

ZURICH AMERICAN INSURANCE
COMPANY,

          **Plaintiff,**

v.                                     **Case No:   6:15-cv-83-Orl-22DAB**

SUNSHINE FREIGHT CARRIERS, INC.
and RAQUEL LIZAOLA,

          **Defendants.**

_____

## Report and Recommendation

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration with oral argument[1] on the following motions filed

herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ATTORNEY'S FEES [ENTITLEMENT]** (Doc. No. 40) |
| **FILED:** | **December 1, 2015** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED as to entitlement**.

| | |
|---|---|
| **MOTION:** | **MOTION TO DISMISS/LACK OF JURISDICTION**   (Doc. No. 39) |
| **FILED:** | **November 23, 2015** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part, with the Court retaining jurisdiction to determine attorney's fees on the counterclaim**.

_____

[1] A hearing was held on January 8, 2016.

In this declaratory judgment case, the insurer seeks to dismiss the case now that the underlying tort action has been settled.   The insured party argues that, even if the case is now moot as to the declaratory claim, it is entitled to recover its fees based on its counterclaim.   Because the Court finds that the insured is entitled to attorney's fees, it is respectfully **RECOMMENDED** that the insured party, Sunshine Freight Carriers, Inc., be entitled to its reasonable attorney's fees.

### *Brief Factual Background and Procedural History*

This matter arises out of an accident on September 10, 2014 which resulted in the death of Glenn Estien, who at the time of his death, was driving a truck owned by Defendant, Sunshine Freight Carriers, Inc. ("Sunshine Freight") Doc: 31, pp. 1-2, ¶ 7.   Zurich issued policy number PRA 9479368-01 to Sunshine Freight Carriers, Inc. for the applicable policy period December 21, 2013 to December 21, 2014 with limits of liability of $1,000,000 per accident (the "Policy"). Doc. 1-1 at 8-128.   The Policy provides coverage for bodily injury and property damage resulting from an accident with several exclusions, including an exclusion for coverage of employees of the insured party, in this case Sunshine Freight. *Id*. Sunshine Freight took the position that there was coverage because the Decedent was operating the truck as an independent contractor. Doc. 31 at 5.

As a result of the accident, Raquel Lizaola, as Personal Representative of the Estate of Glenn Estien, filed a Complaint in the Circuit Court for Osceola County, Florida, against Sunshine Freight, Inc. *Id.*   Zurich provided a defense of the wrongful death lawsuit to Sunshine Freight under a reservation of rights to deny coverage. Doc. 29 ¶ 14.

On January 21, 2015, the insurer Zurich filed its Declaratory Judgment action in this Court seeking interpretation of the policy at issue, arguing that, pursuant to the Policy, it is not obligated to provide a defense or pay liability insurance proceeds on behalf of Sunshine Freight; the Personal Representative was also named as a Defendant.   The Personal Representative's subsequently-filed amended complaint in state court–which the insurer Zurich filed in this Court as part of its

Declaratory Judgment Action–alleged wrongful death and survival claims under a negligent entrustment theory, *i.e.*, that Sunshine Freight should have known that Mr. Estien was not competent to drive the tractor-trailer, and that the trailer itself was not fit to transport the pilings, as well as negligent training and supervision claims. Doc. 29-1, Exhibit A.   Zurich provided a qualified defense to Sunshine Freight in the Personal Representative's state court tort lawsuit under a reservation of rights and Zurich reserved the right to deny coverage for the defense of the tort lawsuit, and to withdraw from the defense of the tort lawsuit.

Following service of Zurich's Amended Complaint, on October 2, 2015, Sunshine Freight Carriers, Inc. filed its Answer and Affirmative Defenses as well as a Counterclaim against Zurich for Breach of Contract[2] for failing to provide an unqualified defense to the complaint in the tort lawsuit as required by the Policy; and disclaiming its obligation to indemnify Sunshine Freight in regard to the tort lawsuit, and sought attorney's fees pursuant to Florida Statute 627.428[3]. Doc. 31.

On November 16, 2015, Zurich advised the Court that the parties had settled the underlying lawsuit. See Doc. 35.   On November 16, 2015, Sunshine Freight also filed a Notice of Partial Settlement. See Doc. 36.   The Court terminated as moot Zurich's Motion for Summary Judgment on its declaratory judgment claim after the underlying matter had settled. See Doc: 38.

On November 23, 2015, Zurich filed a Motion to Dismiss the case as moot (Doc. 39), to which Sunshine Freight filed a Response on December 2, 2015.   Doc. 41.   On December 1, 2015,

---

[2] The Personal Representative also timely filed an Answer.   Doc. 30.

[3] As the parties agreed at the hearing, Zurich is a foreign insurer governed by the Surplus Lines Law, Fla. Stat. Chapter 626, and would be subject to § 626.9373 applicable to surplus lines insurers, which provision is nearly identical to the attorney's fees provision found in § 627.428.   Fla. Stat. § 626.9373 (nearly verbatim language as § 627.428, with the only difference being applicability to "surplus lines insurer"). Courts in this District have applied the two attorney's fees provisions as "nearly identical." *See, e.g., Lumpuy v. Scottsdale Ins. Co.*, No. 8:11-cv-2455, 2015 WL 1708875 *3 n.2 (M.D.Fla. April 15, 2015) (applying a § 627.428 case to one involving § 626.9373 noting the two statutes are "nearly identical," but applying the latter to surplus line insurance carriers); *Rowland v. Scottsdale Ins. Co.*, No. 8:11-cv-2774, 2012 WL 882552, *3 (M.D.Fla. March 15, 2012) (applying holdings in § 627.428 cases to analysis of § 626.9373).

Sunshine Freight filed a Motion for Order Determining Entitlement to Award of Costs and Attorney's Fees Pursuant to Fla. Stat. § 627.428[4].   Zurich filed its Response to the Motion for Fees on December 4, 2015.   Doc. 42.   The District Judge referred the Motions to the undersigned for issuance of a Report and Recommendation on December 8, 2015.   Doc. 43.   The Court heard oral argument on both Motions on January 8, 2016[5].

*Analysis*

Zurich contends the entire case—including Sunshine Freight's counterclaim—should be dismissed as "unquestionably moot" because Sunshine Freight's "counterclaim merely sought to recover for Zurich's alleged breach of its duty to defend Sunshine Freight and/or indemnify it for any liability which might be imposed against it in the underlying action. As both parties recognize, Zurich fully defended Sunshine Freight in the underlying action and paid sufficient indemnity to obtain a release of all claims against Sunshine Freight. Therefore, the Counterclaim is also entirely moot."   Doc. 39 at 3.

Sunshine Freight concedes that the coverage issue presented by Zurich's request for declaratory relief and Sunshine Freight's counterclaim against Zurich for breach of contract is now resolved in Sunshine Freight's favor, since Zurich's settlement with the Decedent's Personal Representative, but argues that the settlement constitutes a "confession of judgment" by Zurich in

---

[4] Florida Statute § 627.428 provides in pertinent part:

> (1)  Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

Fla. Stat. § 627.428.

[5]  The Court denied Sunshine Freight's Motion to File a reply, opting to hear oral argument on the Motions. Doc. 46.

favor of Sunshine Freight with respect to those issues.  Sunshine Freight contends that a "live controversy" remains for this Court's determination over which the Court has subject matter jurisdiction, *i.e.,* its entitlement to an award of the costs and reasonable attorney's fees pursuant to Fla. Stat. § 627.428 that it has incurred in this action.

Sunshine Freight argues that the Eleventh Circuit's decision in *Canal Insurance Company v. SP Transport, Inc.*, 272 Fed.Appx. 825 (11th Cir. 2008) is controlling and this Court is bound by the Florida Supreme Court's decision in *Wollard* and the Florida appellate courts' extension of the holding to third-party suits.  *See Mercury Insurance Co. of Florida v. Cooper*, 919 So.2d 491 (Fla. 3d Dist.Ct.App.2005); *Unterlack v. Westport Insurance Co*., 901 So.2d 387 (Fla. 4th Dist.Ct.App.2005); *O'Malley v. Nationwide Mutual Fire Insurance Co*., 890 So.2d 1163 (Fla. 4th Dist.Ct.App.2004),  *Canal Insurance* is directly on point and persuasive authority which applied the Florida Supreme Court's *Wollard* decision and its progeny.

The insurer in *Canal Insurance*, filed suit seeking a declaratory judgment that it was not required to defend or indemnify the insured in an underlying wrongful death action, exactly as Zurich did here. 272 Fed. Appx. At 826. The insurer initially provided a defense of the insured in the tort action under a reservation of rights, but the insurer later settled the wrong death claim against its insured. *Id.* The district court subsequently dismissed the declaratory judgment action as moot and, when the insured moved for attorney's fees under the Florida insurance statutes, denied the motion. *Id*.

As the Eleventh Circuit explained, under Florida law[6], the settlement of a third-party claim and dismissal of a related declaratory judgment action as moot constitutes a confession of judgment. *Id* at 827.

_____

[6] Because the jurisdiction of the district court is based on diversity of citizenship, 28 U.S.C. § 1332, Florida

A Florida statute entitles an insured to an award of attorney's fees when judgment is entered against an insurer and in favor of an insured, Fla. Stat. § 627.428(1), and the Florida Supreme Court has held that this rule also applies when the insured and the insurer settle an action. *Wollard v. Lloyd's & Cos. of Lloyd's*, 439 So.2d 217, 218-19 (Fla.1983). Under Florida law, the settlement is the equivalent of a confession of judgment and entitles the insured to attorney's fees because the insurer has "declined to defend its position in the pending suit." *Id*. at 218. We must consider whether this confession of judgment rule applies to this controversy.

The intermediate appellate courts of Florida uniformly have extended the confession of judgment rule beyond the situation in *Wollard,* which involved the settlement of a first-party suit between the insured and the insurer, to the settlement of a third-party suit and the voluntary dismissal of a related complaint for declaratory relief filed by an insurer against an insured, which occurred here. In *Mercury Insurance Co. of Florida v. Cooper*, 919 So.2d 491 (Fla. 3d Dist.Ct.App. 2005), *Unterlack v. Westport Insurance Co*., 901 So.2d 387 (Fla. 4th Dist.Ct.App. 2005), and *O'Malley v. Nationwide Mutual Fire Insurance Co*., 890 So.2d 1163 (Fla. 4th Dist.Ct.App. 2004), the insurer settled on behalf of the insured a suit brought against the insured by a third party and voluntarily dismissed a complaint for a declaratory judgment filed by the insurer against the insured. *Mercury Ins. Co*., 919 So.2d at 492; *Unterlack*, 901 So.2d at 388; *O'Malley*, 890 So.2d at 1164. The Florida courts reasoned that the settlement of the third-party claim and voluntary dismissal of the declaratory judgment action constituted a confession of judgment in the declaratory judgment action and entitled the insured to an award of attorney's fees. *Mercury Ins. Co*., 919 So.2d at 492-93; *Unterlack,* 901 So.2d at 389; *O'Malley*, 890 So.2d at 1164-65.  . . . Canal sought two declarations: 1) that it did not have a duty to defend SP Transport in the third-party suit; and 2) that it did not have a duty to indemnify SP Transport in the third-party suit. By settling the third-party suit, Canal, like the insurers in *O'Malley, Unterlack, and Mercury Insurance Co.,* declined to defend its position that it was not required to defend or indemnify SP Transport. . . .

* * *

The purpose of the confession of judgment rule "is to discourage insurers from contesting valid claims and to reimburse successful policy holders forced to sue to enforce their policies." *Id*. (quoting *Danis Indus. Corp. v. Ground Improvement Techniques, Inc.,* 645 So.2d 420, 421 (Fla.1994) (per curiam)) (internal quotation marks omitted). When a complaint for a declaratory judgment has been filed by the insured, an award of attorney's fees is inappropriate because the insured has not been forced to incur litigation costs to enforce its policy. *Id.*

---

law provides the substantive rule of decision. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

*Id* at 827-28. *Wollard* and it progeny hold that the insurer's settlement of the underlying tort case serves as the "functional equivalent" of a confession of judgment entitling the insured to attorney's fees under § 627.428.

Applied here, Zurich's settlement of the underlying tort suit in state court was the functional equivalent of a confession of judgment entitling Sunshine Freight to its attorney's fees consistent with the purpose of the rule "to discourage insurers from contesting valid claims and to reimburse successful policy holders forced to sue to enforce their policies." *See Canal*, 272 Fed. Appx. at 827. Moreover, in this case, Sunshine Freight filed a counterclaim specifically to enforce the Policy and seeking to recover its attorney's fees pursuant to § 627.428.

Zurich argues that *Canal* and other confession of judgment cases are inapposite because the Court cannot retain jurisdiction to adjudicate a claim for attorney's fees once the Court has lost jurisdiction due to mootness. Zurich argues that an unpublished Eleventh Circuit opinion such as *Canal Insurance* cannot trump the holding of the United States Supreme Court that an interest in prevailing party attorney's fees is not sufficient to constitute a "case or controversy" for Article III purposes. Zurich relies on *Lewis v. Continental*, 494 U.S. 472, 480 (1990), for the proposition that the Court no longer has the power to "render judgment" in the case because the case is now moot. The Supreme Court in *Lewis* addressed the application of Article III of the Constitution's case-or-controversy requirement for federal jurisdiction in a case involving the mootness of a plaintiff's constitutional challenge to a Florida statute that had been rendered moot by amendments to a federal statute. *Id.* at 479. The challenger argued that the claim was not moot because it also sought declaratory and injunctive relief; however, the Supreme Court noted that plaintiff must have a "specific live grievance" and not just an "abstract disagreement" over the constitutionality of the statute. *Id.* While the *Lewis* holding is instructive on the application of mootness to constitutional challenges mooted by a change in the law, it is not terribly helpful in the context of whether a claim

for attorney's fees remains eligible for decision as "collateral matter" to be decided even if the substantive claim is mooted by a change in the law.  *Id.* at 480.  Notably, in *Lewis*, even though the Court found the substantive constitutional claim to be moot, the Court did not find the issue of fees to be "moot" and in fact remanded the issue of whether the plaintiff was entitled to fees under the applicable federal statute to the lower court to determine.  *Id.* at 482-83.

Even when a court is divested of its subject matter jurisdiction over the substantive claim by virtue of intervening dismissal or mootness, "[i]t is well established that a federal court may consider collateral issues after an action is no longer pending." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) ("For example, district courts may award costs after an action is dismissed for want of jurisdiction.").  Motions for costs or attorney's fees are treated as "independent proceeding[s] supplemental to the original proceeding" and thus the imposition of costs and attorney's fees is not a judgment on the merits of an action for which there is no jurisdiction.  *Cooter & Gell,* 496 U.S. at 395 (citing *Sprague v. Ticonic National Bank*, 307 U.S. 161, 170 (1939)). "No Article III case or controversy is needed with regard to attorney's fees as such, because they are but an ancillary matter over which the district court retains equitable jurisdiction even when the underlying case is moot. Its jurisdiction outlasts the 'case or controversy.'" *Zucker v. Occidental Petroleum Corp.*, 192 F.3d 1323, 1329 (9th Cir. 1999). "[A] determination of mootness of the action on the merits [does not] preclude an award of attorney's fees." *S–1 v. Spangler*, 832 F.2d 294, 297 n.1 (4th Cir.1987); *Reiser v. Del Monte Properties Co.*, 605 F.2d 1135, 1140 (9th Cir.1979) (holding that "attorney's fees question ancillary to the case survives independently under the court's equitable jurisdiction").

The district court in S*amsung Electronics Co., Ltd. v. Rambus, Inc.*, 398 F.Supp.2d 470, 481 (E.D.Va. 2005) explained the crucial distinction in reconciling the decision in *Lewis* finding an interest in attorney's fees insufficient to create an Article III case or controversy "where none exists on the merits of the underlying claim," with cases finding fees could be awarded as a collateral

matter. There is a critical distinction between cases in which the court is without jurisdiction to award fees because it *never* had subject matter jurisdiction over the underlying claims, and cases in which the court had been divested of its subject matter jurisdiction over the underlying claims by *intervening* mootness and may still award fees. *Id.* at 481. "That distinction is dispositive." *Id.* at 481-82.

Zurich cited and discussed several cases in its brief and at the hearing which, it argues, require the Court to find this case "unquestionably moot" and thus, dismiss Sunshine Freight's counterclaim for fees.  These cases are largely inapposite.  One of the cases Zurich cited at the hearing—and entered by the undersigned—contradicts Zurich's position. . *Holcomb v. Mtg. House*, No. 6:06-cv-45-Orl-22DAB, 2008 WL 129008 (M.D.Fla. Jan. 13, 2007) involved a Fair Labor Standards Act overtime claims which was mooted when the plaintiff accepted the employer's tendered offer of the full amount of damages alleged, thereby mooting the controversy, plus attorney's fees and costs to be determined by the court.  In *Holcombe*, the Court found that even though the substantive FLSA was moot, the Court retained jurisdiction to decide the issue of attorney's fees. *Id.* (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) (a federal court may consider collateral issues such as costs and attorney's fees after an action is no longer pending).  The analysis in *Viktus v. Holder*, No 2:13-cv-116, 2015 WL 4042014 (M.D.Fla. July 1, 2015), a habeas corpus case brought by a detained-alien challenging custody is equally unhelpful in that the district court held that the case was mooted by the petitioner's release from ICE custody, and the petitioner's request for attorney fees and costs could "not save his habeas petition from mootness" such that the court could decide other issues such as the legality of his prior detention. Finally, the last case cited by Zurich, *200 Leslie Condo v. QBE Ins.*, 965 F.Supp. 2d 1405 (S.D. Fla. 2013), specifically makes the point that its facts are distinguishable from one of the cases following *Wollard,* that is *O'Malley v. Nationwide Mutual Fire Insurance Company*, 890 S.2d 1163 (Fla. 4th

DCA 2004), by finding that the *insured*—not *the insurer*—had filed the declaratory judgment action even though the insurer was providing it a defense, and mootness was not an issue raised in the *O'Malley* case. *Id.* at 1410.   The same difference distinguishes *200 Leslie* from the instant case. To the extent Zurich argues the analysis in *200 Leslie Condo*, decided in 2013, conflicts directly with the holding in *Canal Insurance,* decided in 2008, regarding a court's ability to decide the collateral issue of fees even if the substantive claim is mooted, this Court is more inclined to follow the Eleventh Circuit's well-reasoned opinion applying a significant line of Florida case law interpreting a Florida statute, even if that opinion was unpublished and, as such, persuasive not binding authority.

## CONCLUSION

It is **respectfully RECOMMENDED** that Zurich's Motion to Dismiss for Lack of Jurisdiction (Doc. 39) be **GRANTED in part** with the Court retaining jurisdiction to determine attorney's fees on Sunshine Freight's counterclaim.   It is further **respectfully RECOMMENDED** that Sunshine Freight's Motion For [Entitlement to] Attorney's Fees (Doc. 40) be **GRANTED** with the Court to order further briefing on the amount of reasonable attorney's fees to be filed within 30 days of adoption of this Report and Recommendation.

A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.

Recommended in Orlando, Florida on January 20, 2016.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy